# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

**TINA KOGER AND DWAYNE REESE,**

Plaintiffs,

v.

**O'REILLY AUTOMOTIVE, INC.**
*a Missouri Company*,

Defendant.

No. _____

JURY DEMANDED

## ORIGINAL COMPLAINT

Plaintiffs, Tina Koger and Dwayne Reese ("Plaintiffs"), file this Complaint and state as follows:

1. This is an action for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA") brought against O'Reilly Automotive, Inc. ("Defendant" or "O'Reilly Auto Parts"). Plaintiffs are employees who seek damages for unpaid overtime.

## **JURISDICTION AND VENUE**

2. This Court has original jurisdiction over this action under 29 U.S.C. § 201 *et. seq.*, 29 U.S.C. § 216 (b) and 28 U.S.C. § 1331.

3. Venue is proper in this District pursuant to 28 U.S.C. 1391. Defendant employed Plaintiffs to perform work in this District, and Defendant has conducted, and continues to conduct, business within this District during relevant periods to this action. Events, commissions, inactions, and omissions giving rise to these claims and this action occurred within this District.

## PARTIES

4. Defendant O'Reilly Automotive, Inc. is a Missouri Company with its Principal Office located at 233 S. Patterson Ave., Springfield, MO 65802. Defendant may be served through its registered agent, CT Corporation System, 300 Montvue Rd. Knoxville, TN 37919.

5. Defendant has been the "employer" of Plaintiffs as such terms are used in and/or defined by the FLSA, at times material to this action.

6. Plaintiff Tina Koger has been a resident of this District and worked as a non-exempt employee within this district during the three (3) year period immediately preceding the filing of this Complaint.

7. Plaintiff Dwayne Reese has been a resident of this District and worked as a non-exempt employee within this district during the three (3) year period immediately preceding the filing of this Complaint.

## FACTUAL BASIS FOR SUIT

8. Defendant was Plaintiffs' "employer" within the meaning of 29 U.S.C. § 203(d) and § 203(r) at all times material to this action.

9. At times material to this action, Plaintiffs were "employees" of Defendant as defined by Section 203(e)(1) of the FLSA, and worked for Defendant within the territory of the United States, within the three (3) years preceding the filing of this action.

10. At all times material to this action, Defendant has been an enterprise engaged in commerce as defined by section 203(s)(1) of the FLSA, with annual revenue in excess of $500,000.00. Plaintiffs engaged in interstate commerce as Defendant's employees during the applicable statutory period.

11. Plaintiffs performed tasks involving the preparation of inventory for shipping, loading and unloading semi-truck trailers, and performing paperwork associated with shipping and receiving materials.

12. Plaintiffs were paid approximately $14.75 per hour.

13. In early 2020, Defendant opened a new distribution center in Wilson County, Tennessee.

14. As a result of the new distribution center opening, Plaintiffs' typical amount of work increased while the new warehouse was "stocking-up" with supplies.

15. In order to meet the increased workload, Plaintiffs' supervisor required, suffered, and permitted Plaintiffs' to work through automatically deducted lunch breaks, required Plaintiffs to stay well beyond their scheduled shifts to load and unload trailers, as well as manage the associated paperwork, all without pay for such extra time worked.

16. Typically, receiving department employees would clock-in upon entering the facility and clock-out when leaving the facility. However, when working late to accommodate the increased workload associated with opening a new facility, Plaintiffs' direct supervisor would clock Plaintiffs' out at the supervisor's computer station.

17. Plaintiffs' were not allowed to review these records or make corrections to their time to reflect the hours actually worked.

18. Plaintiffs' supervisor scheduled more work than could be accommodated during Plaintiffs' regularly scheduled shift time.

19. Plaintiffs' supervisor scheduled work and managed the receiving department in such a manner that it was impossible for the employees to receive a full, uninterrupted meal break each shift.

20. Plaintiffs reported this behavior further up the management structure.

21. Plaintiffs' received no back pay for the amount of time that had been excluded from their pay by their supervisor and have received no compensation for the lunch breaks that they were required to work through.

22. Plaintiffs are not able to provide a full assessment of the hours they worked because documents necessary to provide a full assessment are in the possession of Defendant and/or third parties, including the paperwork noting the time shipments arrived at the warehouse, Plaintiffs' clock-in and clock-out records, records detailing the location of Plaintiffs' clocking-in and clocking-out, and shipment records held by numerous third parties indicating the time that a unloading was actually completed.

23. The net effect of Defendant's common plan, policy, and practice of failing to pay Plaintiffs overtime unjustly enriched the Defendant, who enjoyed ill-gained profits at the expense of Plaintiffs, and also enjoyed lower payroll taxes thereby.

## COUNT I:
## FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

24. Plaintiffs re-allege and incorporate paragraphs 1 through 23 as if fully set forth herein.

25. During the relevant period, Defendant has violated and is violating the provisions of Section 7 of the FLSA, 29 U.S.C. §§ 207, and 215(a)(2), by employing Plaintiffs in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for workweeks longer than forty (40) hours without compensating Plaintiffs for their work in excess of forty (40) hours per week at rates no less than one-and-one-half times the regular rates for which they were employed. Defendant has acted willfully in failing to pay Plaintiffs in accordance with the law.

## COUNT II:
## FAILURE TO PAY WAGES IN ACCORDANCE WITH
## THE FAMILIES FIRST CORONAVIRUS RELIEF ACT

26. The Families First Coronavirus Relief Act ("FFCRA") requires that individual employees impacted by the coronavirus pandemic be provide paid leave for the interruption caused by the pandemic.

27. On or around April 3, 2020, Plaintiff Tina Koger became sick and was exhibiting several symptoms of COVID-19, the novel coronavirus at the center of the present pandemic. After taking three (3) days off of work for being sick, Defendant required Ms. Koger to seek a coronavirus test.

28. Ms. Koger took the test and awaited results which, at the time, took about ten (10) days.

29. Defendant provided no paid leave for the three (3) days during which Ms. Koger was symptomatic and no paid leave for the approximately ten (10) days during which Ms. Koger was awaiting coronavirus test results.

30. At no point was Ms. Koger offered paid leave for the time she was symptomatic with pending test results.

31. The penalties for providing no opportunity to take advantage sick leave under the FFCRA are the same as for failure to pay up to eighty (80) hours of wages under the FLSA, including other available statutory remedies.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request the Court enter judgment in favor of this Complaint and:

a) Award Plaintiffs all unpaid overtime compensation against Defendant;

b) Award Plaintiff Tina Koger all damages owed under the FFCRA;

c) Find and declare that Defendant's violations of the FLSA and FFCRA were willful, and accordingly, the three (3) year statute of limitations under the FLSA applies to this action;

d) Award Plaintiffs liquidated damages in accordance with the FLSA and FFCRA;

e) Award prejudgment interest (to the extent that liquidated damages are not awarded);

f) Award Plaintiffs reasonable attorneys' fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA and FFCRA;

g) Award post-judgment interest and court costs as allowed by law;

h) Allow Plaintiffs to amend this Complaint, if necessary, as new facts are discovered;

i) Provide additional general and equitable relief to which Plaintiffs may be entitled; and

j) Provide further relief as the Court deems just and equitable.

Dated: December 1, 2020

Respectfully Submitted,

*s/ J. Russ Bryant*
Gordon E. Jackson (TN BPR #8323)
J. Russ Bryant (TN BPR #33830)
Robert E. Turner, IV (TN BPR #35364)
Nathaniel A. Bishop (TN BPR #35944)
**JACKSON, SHIELDS, YEISER, HOLT OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*gjackson@jsyc.com*
*rbryant@jsyc.com*
*rturner@jsyc.com*
*nbishop@jsyc.com*

and

Nina H. Parsley (TN BPR #23818)
**MICHAEL D. PONCE & ASSOCIATES**
Attorneys at Law
400 Professional Park Drive
Goodlettsville, Tennessee 37072
Telephone: (615) 851-1776
Facsimile: (615) 859-7033
nina@poncelaw.com

**ATTORNEYS FOR PLAINTIFF AND
ON BEHALF OF OTHERS SIMILARLY
SITUATED**